UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK S. PADGETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No. 1:14-cv-01484-TWP-TAB |
| | ) |
| CAROLYN W. COLVIN Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

**I.     Introduction**

Pending before the Court is Plaintiff Mark S. Padgett's appeal of the Commissioner's denial of his claim for disability benefits. Padgett asserts that the Administrative Law Judge erred in finding Padgett was not disabled by (1) failing to include a limitation for Padgett's walker in the Residual Functioning Capacity determination and (2) failing to explain how Padgett cannot perform past relevant work but can perform medium work. For the reasons set forth below, Padgett's brief in support of appeal [Filing No. 16] should be granted.

**II.    Background**

On June 27, 2011, Padgett filed applications for disability benefits, alleging a disability start date of March 1, 2011. These claims were denied initially and upon reconsideration. An ALJ held a hearing on March 20, 2013. On April 18, 2013, the ALJ issued his decision that Padgett is not disabled.

The ALJ found at step one that Padgett has not engaged in substantial gainful activity and at step two that Padgett's severe impairments are arthritis and a history of opiate dependence and

benzodiazepine abuse in reported remission.  At step three, the ALJ found that Padgett's impairments do not meet or equal a relevant listing.  At step four, the ALJ found Padgett has the RFC to perform a full range of medium work and can "carry 50 pounds occasionally, 25 pounds frequently, sit for six hours in an eight-hour workday and stand/walk for six hours in an eight-hour workday."  [R. at 23.]  The ALJ concluded that Padgett is unable to perform past relevant work as a dishwasher, convenience store clerk, or tire recycling laborer.  [R. at 28.]  At step five, the ALJ found that Padgett can perform substantially all jobs in the national economy at a medium work level and concluded he is not disabled.  [R. at 28.]  The Appeals Council denied Padgett's request for review, making the ALJ's opinion the Commissioner's final decision.  This appeal followed.

### III.   Standard of Review

The Court must uphold the ALJ's decision if substantial evidence supports his findings.  *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009).  The ALJ is obligated to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of nondisability while ignoring evidence that points to a disability finding.  *Denton v. Astrue,* 596 F.3d 419, 425 (7th Cir. 2010).  If evidence contradicts the ALJ's conclusions, the ALJ must confront that evidence and explain why it was rejected.  *Moore v. Colvin,* 743 F.3d 1118, 1123 (7th Cir. 2014).  The ALJ, however, need not mention every piece of evidence, so long as he builds a logical bridge from the evidence to his conclusion.  *Pepper v. Colvin,* 712 F.3d 351, 362 (7th Cir. 2013).

### V.   Discussion

Padgett's allegations of error focus on the ALJ's written analysis and ask the Court to determine whether the ALJ articulated an analysis consistent with the record that supports his conclusion.  On at least two occasions, he did not.

### A.     Walker

The ALJ found that although Padgett has a prescription for a walker, it is not medically necessary. [R. at 25.]  Padgett argues that his walker is medically necessary because he cannot walk without it.  The Commissioner contends that the ALJ looked at the longitudinal record and reasonably concluded that Padgett is able to walk without an assistive device.[1]

Padgett's case is not one where the ALJ completely failed to consider the issue of whether he needs an assistive device to walk.  The issue here is whether the record supports the ALJ's analysis and finding that Padgett has no medical necessity for his walker.  The ALJ acknowledged that Padgett's doctor prescribed a walker in August 2012 due to a torn meniscus in his left knee. [R. at 25, 233.]  The ALJ compared this against Padgett's August 2011 consultative examination, which showed that Padgett's gait was normal and that he did not need an assistive device for walking. [R. at 24-25, 251.]  The ALJ also considered a July 2011 report from Padgett's son that Padgett engaged in a wide variety of activities without an assistive device. [R. at 25-26, 192-99.]

The ALJ's analysis is problematic.  The consultative exam and third party functional report took place in the summer of 2011 and Padgett was prescribed a walker in the summer of 2012.  The consultative examiner's opinion on Padgett's ability to walk without a walker has questionable relevance to a condition (the meniscus tear) that occurred a year later.  If the ALJ intentionally relied on reports that significantly predated the prescription, he should have at least

---

[1] The Commissioner also contends that Padgett's prescription alone is not sufficient medical evidence to support a finding that Padgett's walker is medically necessary, citing to *Collins v. Barnhart*, 114 F. App'x 229, 234 (7th Cir. 2004).  In light of 7th Cir. R. App. P. 32.1(d), the citing to this unpublished decision was improper.  In addition, the Commissioner's use of brackets to suggest that *Collins* discussed a meniscus tear was misleading. [Filing No. 21, at ECF p. 5.]  This argument lacks support in law and therefore fails.

acknowledged that fact and provided an explanation. He did not. As such, the ALJ's analysis does not create a logical bridge from the record to his conclusion that Padgett's walker is not medically necessary and can be characterized as intellectually dishonest.

At oral argument, the Commissioner represented to the Court that it is not appropriate to apply the harmless error doctrine to this issue. Thus, the ALJ's conclusion Padgett's walker is not medically necessary, which resulted in the ALJ's failure to include a restriction for Padgett's walker in the RFC, is erroneous. The Magistrate Judge recommends remand on this issue.

**B.     Step five**

At step five, the ALJ found that Padgett could perform a full range of medium level work. [R. 28.] Padgett argues that the ALJ failed to articulate how the record also supports a finding that he cannot perform past relevant work performed at a medium level. At oral argument, the Commissioner conceded the ALJ's analysis is erroneous, but argued his conclusion is harmless because if the ALJ found Padgett could perform his past relevant medium work as a dishwasher, the analysis would have ended at step four. However, Padgett contends the error was not harmless because he cannot perform a full range of medium work.

At step four, the ALJ gave no analysis. In two sentences, the ALJ listed Padgett's prior jobs and concluded that Padgett "is unable to perform past relevant work." [R. at 28.] Nor did the ALJ give an analysis at step five. In a single sentence, the ALJ concluded that Padgett can perform medium level work and is not disabled based on Rule 203.21 of the medical-vocational guidelines, or "grids." [R. at 28.] According to Rule 203.21, an individual with Padgett's age, education, work experience, and RFC is "not disabled." [R. at 28] (citing 20 C.F.R. pt. 404, subpt. P, app. 2, tbl. No. 3, Rule 203.21).

4

There is no dispute that the ALJ erred. The ALJ made no attempt to build a logical bridge from the evidence to his conclusion and his findings at steps four and five are irreconcilable. At oral argument, the parties agreed that Padgett's former dishwasher position was performed consistent with that of "kitchen helper," which the DOT identified as medium work. Dictionary of Occupational Titles § 318.687-010, *available at* http://www.occupationalinfo.org/31/318687010.html. If Padgett cannot perform his past relevant medium work as a dishwasher, he cannot perform a full range of medium level jobs. If Padgett can perform his past relevant work as a dishwasher, the ALJ should not have continued to step five. The Court agrees that the ALJ's lack of analysis and inconsistencies are error.

The parties only dispute whether this error was harmless. Pursuant to the harmless error doctrine, a case should not be remanded where the ALJ will reach the same result on remand. *Pepper*, 712 F.3d at 367. The Magistrate Judge does not agree with the Commissioner that the ALJ will reach the same conclusion at step five. As discussed above, the RFC is based on an erroneous finding that Padgett's walker is not medically necessary. With a restriction for Padgett's walker added to the RFC, it is unlikely the ALJ will similarly conclude that Padgett can perform a full range of medium work. If Padgett needs to use a walker at work, he will not be able to carry fifty to twenty-five pounds or walk for six hours. The ALJ will be unable to rely on the grid based on Padgett's more restrictive RFC and will need to consult the Vocational Expert for clarification on what jobs, if any, Padgett is able to perform.

It is also unlikely that the ALJ will reach the same result on remand based on the existing VE testimony. At the administrative hearing, the ALJ only asked the VE whether Padgett can hypothetically perform any past jobs or any other jobs while lying down, off-task twenty percent of the day, or absent twice a month. [R. at 82-83.] The VE gave no testimony about Padgett's

past employment or any jobs Padgett can perform at a medium level. Instead, the VE testified that Padgett is unable to perform any past or other work based on the hypothetical restrictions and that none of Padgett's skills would transfer to sedentary work. The VE's testimony has little to do with the ALJ's step five conclusion and it merely casts doubt on Padgett's ability to perform any work. Thus, the ALJ cannot build a logical bridge to his conclusion with the existing VE testimony.

The ALJ's step five conclusion is erroneous and it is impossible for the Court to understand how the ALJ reached his conclusion because he did not provide an analysis. However, it is doubtful that the ALJ can reach the same result on remand based on the erroneous RFC and existing VE testimony. Therefore, the Magistrate Judge finds that the ALJ's step five error was not harmless, and recommends remand on this issue.

## VI. Conclusion

For these reasons, the Magistrate Judge recommends that the Court grant Plaintiff's brief in support of appeal [Filing No. 16] and remand this case pursuant to sentence four of 42 U.S.C. § 405(g). Any appeal of this recommended decision must be made within 14 days.

Date: 1/19/2016

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Meredith D. Schacht
SOCIAL SECURITY ADMINISTRATION
meredith.schacht@ssa.gov

Theodore F. Smith, Jr
THEODORE F. SMITH JR. PC
tsmith@tedsmithlaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov